## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

DAMIEN ELWOOD MOTTER,          :
      Plaintiff,          :          CASE NO. 3:14-CV-1976
               :
   v.          :
               :          (JUDGE NEALON)
JOHN DOE, et al.,          :
      Defendants          :

FILED
SCRANTON

JAN 1 4 2015

PER _____
DEPUTY CLERK

## **MEMORANDUM**

## **Background**

On October 10, 2014, Plaintiff, Damien Elwood Motter, an inmate currently incarcerated at the Houtzdale State Correctional Institution in Houtzdale, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). At the same time he filed the complaint, Plaintiff also filed a motion for leave to proceed in forma pauperis. (Doc. 2). After an initial screening of the complaint, and for the reasons set forth below, the motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, the complaint will be dismissed, in part, without prejudice, and Plaintiff will be directed to file a properly supported amended complaint.

## **Standard of Review**

The Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321

(April 26, 1996), authorizes a district court to dismiss an action brought by a prisoner under 28 U.S.C. § 1915[1] if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." Credico v. Guthrie, 2014 U.S. App. LEXIS 11960, *3 (3d Cir. 2014). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court "must accept the truth of all factual allegations in the complaint and must draw all reasonable inferences in favor of the non-movant." Revell v. Port Auth., 598 F.3d

---

1. Section 1915(e)(2) of Title 28 of the United States Code provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>   (A) the allegation of poverty is untrue; or
>   (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

128, 134 (3d Cir. 2010).

"Additionally, a civil rights complaint must comply with Federal Rule of Civil Procedure 8(a)." Atwater v. Shaffer, 2014 U.S. Dist. LEXIS 87463, *3 (M.D. Pa. 2014) (Jones, J.).  Federal Rule of Civil Procedure 8(a)(2) dictates that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 570.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.  "The Third Circuit has held that a civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).  Further, pro se complaints are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972).

**Complaint**

Plaintiff alleges that his Eighth Amendment right to medical care was violated by the following Defendants in their individual and official capacities: John Doe, Commissioner of the Bradford County Correctional Facility ("BCCF"); John Doe, Warden of BCCF; John Doe, Deputy Warden of BCCF; John Doe, Medical Director of BCCF; and Bradford County Health Care Services of the

BCCF. (Doc. 1, p. 1-2). The Eighth Amendment claim stems from an incident that began on or around October 5, 2012 while Plaintiff was incarcerated at BCCF. (Id. at 3). Plaintiff alleges that he "sent in a sick call request indicating a bad infection in his mouth concerning his tooth." (Id.). He states that treatment was delayed until October 8, 2012, and that he was told on "said date that they were not going to treat [him]" and he was sent back to his housing unit. (Id.). On October 9, 2012, Plaintiff told the medical department that he had been unable to eat for the past five (5) days because of the tooth and mouth pain. (Id.). He alleges that the "Medical Department" still did not treat his pain, and did not put him on a soft food diet. (Id.). At some point before October 12, 2012, antibiotics were ordered for an alleged mouth infection, but the "Medical Department" refused to give him these antibiotics when he went to pick them up on October 12, 2012 due to a "conflict of interest by different staff members of the Medical Department." (Id.). The antibiotics were administered to Plaintiff on October 14, 2012, "at which time [his] mouth was so infected that it swelled up [his] whole face." (Id.). He alleges that he received no medical treatment until he was relocated "out of their said facility" on October 25, 2012. (Id.).

Based on this factual background, Plaintiff alleges that Defendants maliciously, carelessly, recklessly, and negligently violated his rights under the

4

Eighth and Fourteenth Amendments by failing to follow a custom or policy to protect the inmates, including Plaintiff, and to maintain "a safe and hazardous free living condition." (Doc. 1, pp. 3-4). Plaintiff claims that, as a direct result of their alleged failure to follow this custom or policy, he suffered severe injuries. (Id. at 3). Plaintiff also alleges that Defendants violated his Eighth Amendment right to medical care because they "created a custom or policy that has violated [his] rights under the Eighth and[/]or Fourteenth Amendments. . ." (Id. at 3-4). He alleges that he was denied medical care, was medically neglected, and was subjected to deliberate indifference. (Id. at 4). Lastly, Plaintiff alleges a medical malpractice negligence claim under Pennsylvania law. (Id.). As relief, Plaintiff requests that the Court issue a Declaratory Judgment stating that Defendants violated Plaintiff's rights under the Eighth and Fourteenth Amendments, and that he be awarded twenty-five thousand dollars ($25,000.00) jointly and severally from Defendants for the emotional and physical injuries sustained as a result of the medical negligence, twenty-five thousand dollars ($25,000.00) jointly and severally from Defendants for the "physical and emotional injury said resulting from their failure to provide adequate medical care to said Plaintiff," ten thousand dollars ($10,000.00) in punitive damages from each Defendant, and any other relief Plaintiff is entitled to by the Court. (Id. at 4-5).

## Discussion

Initially, Plaintiff's claims against all Defendants in their official capacities will be dismissed with prejudice. In <u>Kentucky v. Graham</u>, the United States Supreme Court held that suits against state officials in their official capacity be treated as suits against the State. 473 U.S. 159, 166 (1985). In <u>Will v. Michigan Dept. of State Police</u>, the United States Supreme Court held that States are not "persons" subject to suit under Section 1983. 491 U.S. 58, 65 (1989). Therefore, state officials acting or being sued in their official capacities are outside the class of persons subject to liability under Section 1983. <u>Hafer v. Melo</u>, 502 U.S. 21, 22-23 (1991). Accordingly, the claims against all Defendants in their official capacities will be dismissed with prejudice.

With regards to Plaintiff's requests for relief in the form of monetary damages, both compensatory and punitive, in specific amounts, namely two (2) separate requests for twenty-five thousand dollars ($25,000.00) in compensatory damages against Defendants jointly and severally as a result of medical negligence and violations of the Eighth and Fourteenth Amendments, and ten thousand dollars ($10,000.00) in punitive damages against Defendants, jointly and severally, these requests will be stricken from the complaint. The Middle District of Pennsylvania Local Rule 8.1 states:

> The demand for judgment required in any pleading in any civil
> action pursuant to FED. R. CIV. P. 8(a)(3) may set forth
> generally that the party claiming damages is entitled to
> monetary relief but shall not claim any specific sum where
> unliquidated damages are involved.  The short plain statement
> of jurisdiction, required by FED. R. CIV. P. 8(a)(1), shall set
> forth any amounts needed to invoke the jurisdiction of the court
> but no other.

M.D. Pa. LR 8.1; see Corbin v. Bickell, 2013 U.S. Dist. LEXIS 66534, *6-7, 14-15

(M.D. Pa. May 9, 2013) (Kosik, J.) ("We will strike Plaintiff's request for a specific

amount of monetary [] damages. . ." in accordance with M.D. Pa. LR 8.1).

Therefore, in accordance with Local Rule 8.1 and the decision in Corbin, Plaintiff's

requests for relief for both compensatory and punitive damages in specific amounts

will be stricken from the complaint.

       As to Plaintiff's Eighth and Fourteenth Amendment claims, in order to state

a viable § 1983 claim, a plaintiff must plead two essential elements: (1) that the

conduct complained of was committed by a person acting under color of state law,

and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity

secured by the Constitution or laws of the United States.  Groman v. Township of

Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920

F.2d 1135, 1141-42 (3d Cir. 1990).  It is well established that personal liability in a

civil rights action cannot be imposed upon a state official based on a theory of

respondeat superior. See, e.g., Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 1546 F.2d 1077, 1082 (3d Cir. 1976). It is also well-established that "[t]o establish liability for deprivation of a constitutional right under § 1983, a party must show personal involvement by each defendant." Keys v. Carroll, 2012 U.S. Dist. LEXIS 137930, *26 (M.D. Pa. 2012) (Caputo, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009)) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). Therefore, through the complaint's allegations, each Defendant must be shown to have been personally involved in the occurrences or events upon which Plaintiff's claims are based. Sutton v. Rasheed, 323 F.3d 236, 249-250 (3d Cir. 2003). In Rode v. Dellarciprete, the Third Circuit Court of Appeals stated:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

845 F.2d 1195, 1207 (3d Cir. 1998). In the case at hand, Plaintiff has failed to properly plead the personal involvement of the named Defendants with regards to

8

his Eighth and Fourteenth Amendment claims.   He refers to the "Medical Department," but does not mention any specific Defendants in his description of the occurrences that led to a violation of his Eighth and Fourteenth Amendment rights, aside from simply stating that Defendants violated his Eighth and Fourteenth Amendment rights.  Furthermore, as discussed, it is well-established that personal involvement of these Defendants is not established based solely on the theory of respondeat superior.  Thus, Plaintiff's attempt to hold Defendants liable based on their supervisory roles in terms of enforcing certain prison policies or customs does not meet the personal involvement requirement.  Consequently, Plaintiff has failed to state a viable section 1983 claim, and the complaint will be dismissed without prejudice with leave to amend.

With regards to Plaintiff's state medical malpractice negligence claim, this claim will be dismissed without prejudice.  In Gadaleta v. Houser Auctioneers, the plaintiff's state professional negligence claim was dismissed without prejudice with leave to amend because the plaintiff had failed to file a certificate of merit within sixty (60) days of filing his complaint, which was in violation of Pennsylvania Rule of Civil Procedure 1042.3.  2014 U.S. Dist. LEXIS 94747, *29-30 (M.D. Pa. May 6, 2014) (Brann, J.) ("In any action upon an allegation that a licensed professional deviated from an acceptable professional standard, the

attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney.") (citing PA. R. CIV. P. 1042.3). As such, because Plaintiff has not filed a certificate of merit with his complaint or within sixty (60) days of the filing of his complaint, the state negligence medical malpractice claim will be dismissed without prejudice with leave to amend.

"[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)). Because amendment in this case would not be futile, Plaintiff is given leave to amend his complaint. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by

the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)). "The allegations should be specific as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights." Williams v. Pa. Dep't of Corr., 2013 U.S. Dist. LEXIS 88367, *18 (M.D. Pa. 2013) (Caputo, J.) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)).  Plaintiff is further advised that his amended complaint must name all "John Doe" Defendants.  See FED. R. CIV. P. 4(m).

      A separate Order will be issued.

**Date**: January 14, 2015

United States District Judge